**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| Miguel del Angel Izquierdo Alejandro,<br>Plaintiff,<br>v.<br><br>Property Care Solutions LLC, Maria G Aranda, and Osbelia Y. Uribe,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | Civ Case No. 4:22-cv-29 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE U.S. DISTRICT JUDGE:

Plaintiff, Miguel del Angel Izquierdo Alejandro ("Plaintiff"), brings this action against Defendants Property Care Solutions LLC ("PCS"), Maria G Aranda, and Osbelia Y. Uribe (cumulatively "Defendants"), and in support thereof, would show the Court as follows:

**Introduction**

1. Plaintiff brings this action for unpaid wage compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, et seq. Plaintiff seeks damages for unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

**Jurisdiction, Venue, and Parties**

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants operated their business in counties in the Eastern District of Texas, and Plaintiff resides in Collin County, Texas.

4. Plaintiff is an individual who resides in Collin, Texas.

5. Defendant PCS, is a limited liability company, formed and existing under the laws of the State of Texas, and at all times material to this complaint, operated in counties in the Eastern District of Texas.

6. Defendant Maria G Aranda and Osbelia Y. Uribe are residents of Texas, and were manager(s) and/or members of Defendant PCS at all relevant times.

**Facts**

7. Defendant PCS operates as a general contractor, and an employer as defined by 29 U.S.C. § 203(d).

8. Defendant PCS has employees subject to the provisions of 29 U.S.C. § 206.

9. At all times material to this complaint, Defendant PCS employed two or more employees and, upon information and belief, had an annual dollar volume of sales or business done of at least $500,000.

10. At all times material here to, Defendants Maria G Aranda and Osbelia Y. Uribe actively ran the business of PCS on a day-to-day basis; acted directly or indirectly in the interest of PCS in relation to Plaintiff's employment; and/or were substantially in control of the terms and conditions of Plaintiff's work.

11. Defendants Maria G Aranda and Osbelia Y. Uribe had the ability to hire and fire employees, supervised or controlled employees' work schedules and conditions of employment, and/or determined the rate and method of payment of wages to employees. Defendants Maria G Aranda and Osbelia Y. Uribe were Plaintiff's employer(s) as defined by 29 U.S.C. § 203(d).

12. Plaintiff alleges the following related to his employment with Defendants:

a) s/he worked from October 2021 to December 2021;

b) s/he worked as laborer and carpenter, working on remodeling homes;

c) any tips received were *de minimis;*

d) s/he worked 70 hours per week on average, except for 1 week where he worked 19 hours each day, totaling 133 hours in a week;

e) his/her wage was $25.00/hour;

f) he did not receive time and a half for hours he worked in excess of 40 in any work week;

g) he was not paid for 5 weeks of work;

13. Plaintiff was at all times materially individually engaged in interstate commerce, as her/his work was directly related to the construction/remodeling homes and he used materials that were transported in interstate commerce.

14. During one or more weeks during Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours.

15. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half times her regular pay rate of pay for each hour worked in excess of 40 hours in a workweek.

16. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime wages that should have been paid but were not paid.

17. Defendants failed to act reasonably to comply with the FLSA, and as such, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

18. Plaintiff is also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

19. Plaintiff has retained the law firm of Justicia Laboral LLC to represent him/her in this action. Plaintiff has entered into a valid contract with Justicia Laboral LLC and has appointed the undersigned counsel to be his/her agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to her attorneys in this suit, all communications concerning this suit must be made by

Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorneys' fees that Plaintiff is entitled to collect against Defendants pursuant to 29 U.S.C. § 216(b).

**Request for Relief**

For these reasons, Plaintiff demands judgment, jointly and severally, against Defendants as follows:

a. Unpaid overtime wages and/or minimum wages found to be due and owing, totaling at least $15,612.50; see attached Exhibit A in operated herein;

b. An additional amount equal to the amount of overtime wages and/or minimum wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. §216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and

e. For any such other relief as the Court may find proper, whether at law or in equity.

**Plaintiff(s) request trial by jury for all counts where allowed**

s/ James M. Dore

**Justicia Laboral LLC**
**James M. Dore (IL Bar # 6296265)**
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL. 60646
P: 773-415-4898
E: jdore@justicialaboral.com; Jmdore70@sbcglobal.net

**Ex A - TX21004247 Izquierdo v. Property Care**

**OT**

| Dates | OT Hrs/Week | Total Wks | Total OT Hours | OT Wage Rate | Wage Paid | Unpaid OT Wages Owed |
|---|---|---|---|---|---|---|
| 10/2021 to 11/2021 | 30 | 7 | 210 | $37.50 | $25.00 | $2,625.00 |
| 11/2021 - 12/2021 | 30 | 4 | 120 | $37.50 | $0.00 | $4,500.00 |
| Dec-21 | 93 | 1 | 93 | $37.50 | $0.00 | $3,487.50 |
| | | | | **Total OT Wages Owed** | | **$10,612.50** |

**Min Wage**

| Dates | Hrs/Week | Total Wks | Total Reg Hours | Reg Wage Rate | Wage Paid | Unpaid Reg Wages Owed |
|---|---|---|---|---|---|---|
| 11/2021 - 12/2021 | 40 | 5 | 200 | $25.00 | $0.00 | $5,000.00 |
| | | | | **Total Reg Wages Owed** | | **$5,000.00** |